UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARWIN RICHARD MELTON,

    Petitioner,

v.                                    Case No. 3:21-cv-676-LC-MJF

ATTORNEY GENERAL, STATE OF
FLORIDA,

    Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner initiated this case in the United States District Court for the Eastern District of Oklahoma by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). At the time, Petitioner was an inmate of the Florida Department of Corrections ("FDC") confined at Columbia Correctional Institution in Lake City, Florida. (*Id.*). The petition challenged Petitioner's conviction, entered in Santa Rosa County Circuit Court Case No. 2019-CF-1081, for violating Florida's sexual offender reporting requirements. (*Id.* at 1; *see also* Fla. Stat. § 943.0435).

The Eastern District of Oklahoma docketed the petition on October 7, 2020, and transferred the case to this court on April 16, 2021. (Docs. 1, 3). In the meantime, Petitioner was released from incarceration on January 14, 2021, upon the expiration

of his sentence. *See* www.dc.state.fl.us. Petitioner did not notify the Eastern District of Oklahoma of his release or change of address, nor did he notify this court of his current address. (*See* Doc. 2 (receipt)).

Accordingly, on April 22, 2021, this court ordered Petitioner to demonstrate his continued interest in this case by filing a Notice of Change of Address on or before May 6, 2021. (Doc. 5). The order also required Petitioner to provide the court with one service copy of his petition within that time. (*Id.*). The court warned Petitioner that failure to comply with the order likely would result in dismissal of this case. (*Id.*).

The court mailed a copy of the order to Petitioner at his address of record (Columbia Correctional Institution) and to the address indicated on the FDC's Corrections Information Network as Petitioner's stated residence upon release: 12300 S. Crow Road, Weber Falls, OK 74470. The copy of the order mailed to Columbia CI was returned on May 5, 2021, as undeliverable. (Doc. 6). The copy of the order mailed to the Oklahoma address was not returned.

To date, Petitioner has not complied with the April 22, 2021 order, and has not responded to the May 21, 2021 show cause order (Doc. 7). This case, therefore, should be dismissed for Petitioner's failure to prosecute and failure to comply with this court's orders.

Accordingly, it is **ORDERED**:

1. The clerk of court shall mail a copy of this Report and Recommendation to Petitioner at his address of record and to the following address: 12300 S. Crow Road, Weber Falls, OK 74470.

In addition, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to prosecute and failure to comply with this court's orders.[1]

2. The clerk of the court be directed to close this case file.

At Panama City, Florida, this 21st day of June, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**